# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JACOB RUDOLPH, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>   v.<br><br>UNITED AIRLINES HOLDINGS, INC., and UNITED AIRLINES, INC.,<br><br>       Defendants. | Case No. 1:20-cv-02142<br><br>Hon. Thomas M. Durkin<br><br>Magistrate Judge Jeffrey T. Gilbert |
| JOHN COMPO, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>   v.<br><br>UNITED AIRLINES, INC., and UNITED AIRLINES HOLDINGS, INC.,<br><br>       Defendants. | Case No. 1:20-cv-02166<br><br>Hon. Thomas M. Durkin |
| TIMOTHY ROSENBERGER, AARON WOOLFSON, IVANA WOOLFSON, and NICHOLAS AUSTIN, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>   v.<br><br>UNITED AIRLINES HOLDINGS, INC., and UNITED AIRLINES, INC.,<br><br>       Defendants. | Case No. 1:20-cv-03727<br><br>Previous Case No.1:20-cv-00756-SO (Transferred from N.D. Ohio)<br><br>Honorable Thomas M. Durkin |

**DEFENDANTS' UNOPPOSED MOTION TO
CONSOLIDATE RELATED ACTIONS**

Pursuant to Federal Rule of Civil Procedure 42(a)(2), Defendants United Airlines Holdings, Inc. and United Airlines, Inc. (collectively, "United"), by their undersigned attorneys, respectfully move that this Court consolidate the above-captioned *Rosenberger* action with the previously consolidated *Rudolph* and *Compo* actions. Counsel for plaintiffs in the *Rosenberger*, *Rudolph* and *Compo* cases (collectively, the "Class Actions") do not oppose the relief requested in this motion.

Consolidation pursuant to Rule 42(a)(2) is appropriate because the plaintiffs all assert similar claims against the same defendants arising from the same alleged conduct: United's alleged failure to issue refunds to customers for flights cancelled (either by the customer or United) due to the COVID-19 pandemic. Consolidation also will permit this Court to conduct proceedings in a single, consolidated action, ensuring the Class Actions move forward efficiently. Accordingly, in the interest of judicial economy and to avoid unnecessary cost or delay, United respectfully requests that this Court enter an Order consolidating all three Class Actions, and directing plaintiffs to file a Consolidated Amended Complaint on or before July 16, 2020, to which United will respond within 45 days of its filing.

## ARGUMENT

Consolidation pursuant to Federal Rule of Civil Procedure 42(a)(2) is appropriate where the actions pending before a single court "involve a common question of law or fact," *Hedick v. Kraft Heinz Co.*, No. 19-cv-1339, 2019 WL 4958238, at *3 (N.D. Ill. Oct. 8, 2019), and overlapping parties. *Pactiv Corp. v. Multisorb Techs., Inc.*, No. 10 C 461, 2011 WL 686813, at *1 (N.D. Ill. Feb. 15, 2011). The Class Actions check both boxes.

All three actions grow out of the same transaction or occurrence—United's alleged failure to issue refunds to customers for flights cancelled due to the COVID-19 pandemic. The Class Action complaints also assert comparable legal theories and claims: in particular, plaintiffs in each

2

Class Action allege that United violated various state consumer fraud statutes by failing to issue refunds to consumers who cancelled their flights, or whose flights were cancelled by United, due to the COVID-19 pandemic. Indeed, in granting Defendants' Unopposed Motion for a Finding of Relatedness and Reassignment as to the *Rosenberger* case (Dkt. 29), the Court concluded that the Class Actions arise out of the same transaction or occurrence and raise similar issues of fact or law. *See* Dkt. No. 31. As the Court previously recognized in granting the Unopposed Joint Motion to Consolidate the *Rudolph* and *Compo* cases (Dkt. 23), consolidation is appropriate under the circumstances. *See Pactiv Corp.*, 2011 WL 686813 at *5; *Brunner v. Jimmy John's, LLC*, No. 14 C 5509, 2016 WL 7232560, at *4 (N.D. Ill. Jan. 14, 2016).

The benefits of consolidation also greatly outweigh any inconvenience, delay, or expense it may cause. *See Brunner*, 2016 WL 7232560, at *2. Discovery has not yet commenced in either *Rosenberger* or the consolidated *Rudolph* and *Compo* actions, and United has yet to respond to any of the complaints. In addition, the Court's Order granting the Unopposed Joint Motion to Consolidate the *Rudolph* and *Compo* cases requires the plaintiffs to file a Consolidated Amended Complaint on or before July 16, 2020, and for United to respond to that Consolidated Amended Complaint within 45 days of its filing. *See* Dkt. 24 and Dkt. 27. Consolidation of the *Rosenberger* case with *Rudolph* and *Compo* at this time will allow for the filing of a single, consolidated pleading asserting the claims of all the plaintiffs in those three actions, and for United to then respond to that single, consolidated pleading. In short, consolidation of all three Class Actions will neither inconvenience the parties, nor delay the proceedings, but will instead promote convenience and judicial economy. *Pactiv Corp.*, 2011 WL 686813, at *1.

## **CONCLUSION**

WHEREFORE, in the interests of efficiency and judicial economy, and to avoid unnecessary costs and undue delay, and pursuant to Federal Rule of Civil Procedure 42(a)(2),

United respectfully requests that this Court enter an Order consolidating the *Rosenberger* case with the *Rudolph* and *Compo* cases, and directing plaintiffs to file a Consolidated Amended Complaint on or before July 16, 2020, to which United will respond within 45 days of its filing.

Dated: July 7, 2020 Respectfully submitted,

*/s/ Sondra A. Hemeryck*
Patricia B. Holmes
Sondra A. Hemeryck
Lynn D. Moffa
RILEY SAFER HOLMES & CANCILA, LLP
70 W. Madison Street, Suite 2900
Chicago, IL 60602
(312) 471-8700
pholmes@rshc-law.com
shemeryck@rshc-law.com
lmoffa@rshc-law.com

*Attorney for Defendants United Airlines, Inc. and United Airlines Holdings, Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 7, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                          */s/ Sondra A. Hemeryck*
                                                          Sondra A. Hemeryck