# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARK HANSEN, and JASON BUFFER, | |
| Plaintiffs, | Case No. 1:20-cv-02142 |
| v. | Hon. Thomas M. Durkin |
| UNITED AIRLINES, INC., | Magistrate Judge Jeffrey T. Gilbert |
| Defendant. | |

## UNITED AIRLINES, INC.'S MOTION TO EXCLUDE THE EXPERT OPINIONS OF SEAN T. MALONE

Defendant United Airlines, Inc. ("United"), by its undersigned counsel, hereby moves for an order excluding the opinions of Plaintiffs' proffered expert witness, Dr. Sean T. Malone. In support of its Motion, United states as follows:

1. Plaintiffs Mark Hansen and Jason Buffer each assert a single claim against United for breach of contract, premised on United's alleged failure to issue refunds for their cancelled flights. They now ask this Court to certify two classes consisting of "persons in the United States who purchased tickets before June 18, 2020, directly from United [or through travel agencies], for travel on United Airlines flights scheduled to operate to, from, or within the United States from March 2020 through December 2020 and whom were not issued a refund upon request for monies paid in connection with an itinerary cancelled by United." *See* Dkt. 173, at 1-2.

2. In support of their motion for class certification, Plaintiffs rely on the proffered opinions of retained expert Dr. Sean T. Malone. In particular, Plaintiffs rely on Dr. Malone's opinions to support their contentions that: (1) the data produced by United can be used to exclude individuals who voluntarily cancelled their flights from the proposed class; (2) that unidentified,

unproduced data can be used to identify passengers whose itineraries included travel to and from countries that had closed their borders to U.S. citizens and exclude them from the proposed class; and (3) that unproduced data can be used to identify passengers who requested (but did not receive) a refund from United. *See* Dkt. 173, at 12-13, 21. But Plaintiffs cannot rely on expert testimony to demonstrate that their proposed class meets the requirements of Rule 23 unless they also demonstrate, and the Court finds, that the testimony satisfies the standard for admissibility set out in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

3. In this case, Dr. Malone's opinions are based on unreliable methodology and, in some cases, no methodology whatsoever, and should therefore be excluded under *Daubert*. Specifically, Dr. Malone's proposed methodology to identify itineraries cancelled by United (rather than voluntarily cancelled by passengers) is demonstrably unreliable and contradicted by the undisputed evidence. Dr. Malone's proposed methodology to exclude itineraries impacted by governmental travel restrictions is non-existent and amounts to mere speculation about the analysis Dr. Malone *could* conduct using unproduced and unreviewed documents. Similarly, Dr. Malone's opinion that additional analysis could be conducted to identify customers who requested refunds is pure speculation about analysis Malone could conduct with documents he has never seen. Moreover, this opinion need not even be considered by the Court because it was belatedly disclosed and should be stricken.

4. In further support of its Motion, United files herewith its accompanying Memorandum of Law.

WHEREFORE, United respectfully requests that the Court grant United's Motion to Exclude the Expert Opinions of Sean T. Malone and grant any other relief the Court deems just and proper.

|  |  |
|---|---|
| Dated: September 8, 2023 | /s/ Sondra A. Hemeryck |

                                        Patricia Brown Holmes
                                        Sondra A. Hemeryck
Eli J. Litoff
Brendan J. Gerdes
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, IL 60602
Tel.    312-471-8700
Fax    312-471-8701
pholmes@rshc-law.com
shemeryck@rshc-law.com
elitoff@rshc-law.com
bgerdes@rshc-law.com

*Attorneys for Defendant United Airlines, Inc.*